**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAYLOR WINSTON WRIGHT, | No. 12-16270 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-00219-CKJ |
| v. | |
| DAVID DUNCAN, Warden, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| JOE T. MERAZ, Food Service Administrator; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Federal prisoner Taylor Winston Wright appeals pro se from the district court's summary judgment in his action, brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging Eighth Amendment violations in connection with a slip-and-fall incident. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Wright's claim against defendant Meraz because Wright failed to raise a genuine dispute of material fact as to whether Meraz knew of and disregarded an excessive risk to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (for a deliberate indifference claim, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

The district court properly granted summary judgment on Wright's claim against defendant Ferriol because Wright failed to raise a triable dispute as to whether Ferriol's treatment of his injured left knee amounted to deliberate indifference. *See id.*; *Toguchi*, 391 F.3d at 1058 (to prevail on a claim involving choices between alternative courses of treatment, an inmate must show that the chosen course of treatment was both medically unacceptable and chosen in

conscious disregard of an excessive risk to the inmate's health).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including summary judgment for defendant Garrett and Ferriol's treatment of Wright's ear injury. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**